THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO,<br>286 Upper Powderly Street<br>Carbondale, Pennsylvania 18407<br><br>Plaintiff,<br><br>VS.<br><br>SCHUSTER PRODUCTS, LLC;<br>and DOES 1 THROUGH 50<br><br>Defendant. | Case No. 3:15-CV-526<br><br>Judge _____<br><br>Magistrate Judge _____<br><br><br>JURY TRIAL DEMANDED<br><br>FILED<br>SCRANTON<br>MAR 1 6 2015<br>PER ____<br>DEPUTY CLERK |

## PLAINTIFF'S VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Schuster Products, LLC ("Schuster") as follows:

## I. JURISDICTION.

1. This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II. VENUE.

2. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III. PARTIES.

3. Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010. Plaintiff has the sole right to sue for infringement of said patent. A copy of the '959 patent is attached hereto as **Exhibit A**.

4. Upon information and belief, Defendant Schuster is a Wisconsin company with its principal place of business at 10555 W. Parnell Ave., Ste. 1, Hales Corners, WI 53130

5. Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

6. This court has personal jurisdiction over the named Defendant.

## IV. RELEVANT MATTER

7. The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit ( *David Catanzaro v. Procter & Gamble Co. et al.)*

8. The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

9. It is believed Church & Dwight allowed the '532 patent to expire intentionally in February, 2012 for lack of paying the required maintenance fee.

10. Plaintiff filed a legal malpractice case in the Northern District of Ohio on May 2, 2013 against the attorneys who represented Plaintiff in the *Procter & Gamble Co. et al.* lawsuit (*Case No. 1:13 CV 996 Catanzaro vs. Seamon Garson et al*).

11. Within the pleadings of the above stated malpractice case Plaintiff alleged that he was induced to enter into a Patent Purchases, Settlement Agreement which caused Plaintiff to alienate his interest in the '532 patent and to give up his interest in the '959 patent.

12. Defendants maintained that the '959 patent is still enforceable, and that Plaintiff did not lose the right to enforce the '959 patent as a direct result of the expiration of '532 patent.

13. After near 20 months of litigation, Judge Dan A. Polster presiding Judge in the legal malpractice case, issued an order on December 15, 2014 (hereto as **Exhibit B**)

stating that the court cannot issue an advisory opinion on the enforceability or unenforceability of the '959 patent and demanded that a judicial determination or order must be made within the context of a Patent infringement lawsuit.

14. Judge Dan A. Polster dismissed the case without prejudice and tolled the statue of limitations until there is a final judgment in a patent infringement litigation involving the '959 patent.

15. As a direct result of information exchanged and obtained in the malpractice lawsuit, along with the directed order imposed by Judge Polster to obtain a final order in an infringement action to know for certain the current status of the '959, Plaintiff has 'sufficient reason and belief' to presently assert that the '959 patent is enforceable.

## V. CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15, inclusive.

17. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant's regarding the '959 patent.

18. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendant has infringed upon the '959 patent.

### COUNT VI – PATENT INFRINGEMENT

19. Schuster transacts business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Defendant has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendant did so by manufacturing,

4

having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known as "Silly Sour Legs" and similar products lines.

20.     Defendant Schuster transacts business in this judicial district and has committed acts of infringement in this judicial district by offering for sale and selling the Silly Sour Legs product line after February 2, 2010.

21.     Plaintiff seeks damages for patent infringement against defendant for the maximum period of time permitted by law.

22.     Defendant has directly or equivalently infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a).  Upon information and belief, defendant has also infringed claims 1, 4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

23.     Upon information and belief, Defendant's infringement of the '959 patent have been willful and deliberate.  Defendant's infringement has injured plaintiff.

## VII.    PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendant's and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

    A.     Issue a declaratory judgment stating Defendant has infringed the '959 patent;

    B.     Order an award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable

      royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C.     Issue a finding that Defendant's acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D.     Order Defendant's to pay plaintiff's reasonable attorney fees and costs of this action; and,

E.     Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

———————————————
David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 282-4889
E-mail: davidjosephus@aol.com

```
Court Name: District Court
Division: 3
Receipt Number: 333043349
Cashier ID: tscott
Transaction Date: 03/16/2015
Payer Name: DAVID CATANZARO
--------------------------------
CIVIL FILING FEE
  For: DAVID CATANZARO
  Case/Party: D-PAM-3-15-CV-000524-001
  Amount:         $400.00
CIVIL FILING FEE
  For: DAVID CATANZARO
  Case/Party: D-PAM-3-15-CV-000526-001
  Amount:         $400.00
CIVIL FILING FEE
  For: DAVID CATANZARO
  Case/Party: D-PAM-3-15-CV-000527-001
  Amount:         $400.00
CIVIL FILING FEE
  For: DAVID CATANZARO
  Case/Party: D-PAM-3-15-CV-000528-001
  Amount:         $400.00
CIVIL FILING FEE
  For: DAVID CATANZARO
  Case/Party: D-PAM-3-15-CV-000529-001
  Amount:         $400.00
--------------------------------
CREDIT CARD
  Amt Tendered:  $2,000.00
--------------------------------
Total Due:      $2,000.00
Total Tendered: $2,000.00
Change Amt:     $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.
```